MANUEL RIVAS, JR., State Bar No. 161236
LAW OFFICES OF MANUEL RIVAS, JR.
1 Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone No.: (415) 439-8874
Facsimile No.: (415) 366-2208
E-Mail Address: manuelrivas_jr@yahoo.com

Attorneys for Defendant and Third-Party Plaintiff,
BAY AREA HVAC INC.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA; <br><br>SHEET METAL WORKERS LOCAL 104 HEALTH CARE TRUST; <br><br>SHEET METAL WORKERS LOCAL 104 SUPPLEMENTAL PENSION FUND; <br><br>SHEET METAL WORKERS LOCAL 104 VACATION-HOLIDAY SAVINGS FUND; <br><br>SHEET METAL WORKERS LOCAL 104 AND BAY AREA INDUSTRY TRAINING FUND; <br><br>RICK WERNER and SEAN O'DONOGHUE, Trustees; and <br><br>    Plaintiffs, <br><br>  v. <br><br>BAY AREA HVAC, INC., a California Corporation. | Case No. 4:19-cv-07976-DMR <br><br>THIRD-PARTY COMPLAINT ON BEHALF OF BAY AREA HVAC INC. |

- 1 -
**THIRD-PARTY COMPLAINT ON BEHALF OF BAY AREA HVAC INC.**

BAY AREA HVAC INC., a California Corporation,

       Third-Party Plaintiff,

v.

SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL UNION NO. 104; BAY AREA ASSOCIATION OF SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION CHAPTERS, and ROES 1 through 50, Inclusive,

       Third-Party Defendants.

---

Defendant third-party plaintiff Bay Area HVAC Inc. brings this third-party complaint against third-party defendants Sheet Metal Workers International Association Local Union No. 104 (hereinafter referred to as "LOCAL UNION NO. 104") and Bay Area Association Of Sheet Metal And Air Conditioning Contractors National Association Chapters (hereinafter referred to as "SMACNA;" and collectively with LOCAL UNION NO. 104 will be referred to as "Third-Party Defendants" and/or "UNION") seeking damages for intentional or negligent misrepresentation and the rescission of the hereinafter described agreement entered into by Bay Area HVAC Inc. with the UNION which plaintiffs claim in their Complaint that they are third-party beneficiaries to said contract and which is the sole basis for plaintiffs' damages against Bay Area HVAC Inc in this action.

1.     Defendant third-party plaintiff Bay Areas HVAC Inc. (hereinafter referred to as "BAY AREA") is now and at all times mentioned herein a licensed contractor with the Contractors State License Board, and a California Corporation with its principal place of business in the City of San Jose, County of Santa Clara, State of California.

2. BAY AREA is informed and believes, and based upon this information and belief alleges that LOCAL UNION NO. 104 is a union organized and exiting under the laws of the United States and California with its principal place of business in the City of San Ramon, County of Contra Costa, State of California.

3. BAY AREA is informed and believes, and based upon this information and belief alleges that SMACNA is an organization of unknown form with its principal place of business in the City of Oakland, County of Alameda, State of California.

4. BAY AREA is ignorant of the true names and capacities of third-party defendants sued herein as ROES 1 through 50, inclusive, and therefore sue these third-party defendants by such fictitious names. BAY AREA will amend this third-party complaint to allege their true names and capacities when ascertained. BAY AREA is informed and believes and thereon alleges that each of the fictitiously named third-party defendants is responsible in some manner for the occurrences herein alleged, and that BAY AREA's damages as herein alleged were proximately caused by their conduct. Each reference in this third-party complaint to "third-party defendant," "third-party defendants," and/or specifically named third-party defendant refers also to all third-party defendants sued under fictitious names.

5. At all times herein mentioned, the third-party defendants, and each of them, were the agents and employees of their co-third-party defendants, and in doing the things alleged in this third-party complaint were acting, at all times, within the course and scope of said agency and employment.

6. Plaintiffs Sheet Metal Workers Pension Trust Of Northern California, Sheet Metal Workers Local 104 Health Care Trust, Sheet Metal Workers Local 104 Supplemental Pension Fund, Sheet Metal Workers Local 104 Vacation-Holiday Savings Fund, Sheet Metal Workers

Local 104 And Bay Area Industry Training Fund, and Rick Werner and Sean O'Donoghue, Trustees (hereinafter collectively referred to as "PLAINTIFFS") filed a complaint against BAY AREA wherein they seek damages for an alleged contractual failure by BAY AREA to pay dues and other benefit contributions to PLAINTIFFS.

7.  PLAINTIFFS have further alleged in their complaint that BAY AREA entered into the Standard Form of Union Agreement (hereinafter referred to as the "Bargaining Agreement") between LOCAL UNION NO. 104 and SMACNA, and that they are third-party beneficiaries to the Bargaining Agreement.

## FIRST CAUSE OF ACTION

### (INTENTIONAL MISREPRESENTATION)

8.  BAY AREA refers to and incorporates herein by this reference paragraphs 1 through 7 above as if set forth in full herein.

9.  On or about September 2018, BAY AREA began to communicate with representatives of the UNION that it would like to enter into a contract with the UNION so that BAY AREA could hire members of the UNION to work on their projects without the president of BAY AREA becoming a member and BAY AREA having to pay dues for and/or make related benefit contribution payments based on the hours worked by its president.

10.  In fact, in November 2018, the UNION's representatives conveyed that they would be sending such an agreement to BAY AREA to review. However, after making such a statement, the UNION's representatives then told BAY AREA that they could not do so because of proprietary reasons.

11.  As a result, a meeting was scheduled for December 21, 2018, at LOCAL UNION NO. 104's South Bay Office where BAY AREA was going to be presented the agreement.

12. At said December 21, 2018 meeting, BAY AREA was presented the contract (i.e. the Bargaining Agreement). When BAY AREA wanted to take the Bargaining Agreement, which was voluminous, with it to read, approve, and then return it to the UNION, the UNION said that would not be permitted, and that BAY AREA had to sign the Bargaining Agreement before leaving.

13. Because the UNION had represented at all times referenced above, both orally and in writing, that BAY AREA could hire members of the UNION to work on their projects without the president of BAY AREA becoming a member and BAY AREA having to pay dues for and/or make related benefit contribution payments based on the hours worked by its president, and that the Bargaining Agreement reflected the same, BAY AREA signed the Bargaining Agreement as mandated.

14. These representations made by the UNION were in fact false. The true facts, which BAY AREA began to discover weeks after signing the Bargaining Agreement, were that the Bargaining Agreement made the president of BAY AREA a member of the UNION and required BAY AREA to pay dues for and/or make related benefit contribution payments based on the hours worked by its president.

15. The UNION, at all times mentioned herein, knew these representations to be false and made these representations with the intent to cause BAY AREA to rely on them and to deceive BAY AREA and to induce BAY AREA to enter into the Bargaining Agreement, to make BAY AREA's president a member of the UNION, to obligate BAY AREA to pay dues for and/or make related benefit contribution payments based on the hours worked by BAY AREA's president, and to take the other actions herein alleged.

16. BAY AREA believed and relied on these representations made by the UNION, and was thereby induced to enter into the Bargaining Agreement. Had it not been for BAY AREA's reliance on the UNION's representations, and/or concealment of material facts, BAY AREA would not have entered into the Bargaining Agreement. BAY AREA's reliance on the representations of the UNION as herein alleged were reasonable because BAY AREA had entered into a similar agreement with another union.

17. By reason of the fraud and deceit of the UNION, BAY AREA has been damaged in an amount according to proof at trial.

18. The aforementioned conduct of the UNION, was an intentional misrepresentation, deceit, or concealment of material facts known to the UNION with the intention on the part of the UNION of depriving BAY AREA of property or legal rights or otherwise causing damage, and was despicable conduct that subjected to BAY AREA to a cruel and unjust hardship in conscious disregard of BAY AREA's rights, so as to justify an award of exemplary and punitive damages.

WHEREFORE, BAY AREA prays for judgment again the UNION as hereinafter set forth.

## SECOND CAUSE OF ACTION

(Negligent Misrepresentation)

19. BAY AREA refers to and incorporates herein by this reference paragraphs 1 through 14 and 16 above as if set forth in full herein.

20. The UNION, when it made these representations that BAY AREA could hire members of the UNION to work on their projects without the president of BAY AREA becoming a member and BAY AREA having to pay dues for and/or make related benefit

contribution payments based on the hours worked by its president, and that the Bargaining Agreement reflected the same, had no reasonable grounds for believing that these representations were true, and the UNION made the representations with the intent to induce Plaintiff to sign the Bargaining Agreement and to take the other actions herein alleged.

21. By reason of said negligent misrepresentation, BAY AREA has been damaged in an amount according to proof at trial.

WHEREFORE, BAY AREA prays for judgment against the UNION as hereinafter set forth.

### THIRD CAUSE OF ACTION

(Rescission)

22. BAY AREA refers to and incorporates herein by this reference paragraphs 1 through 18 above as if set forth in full herein.

23. On or about September 2018, and continuing thereafter, the UNION with the intent to deceive BAY AREA and to induce BAY AREA to enter into the Bargaining Agreement, mispresented that BAY AREA could hire members of the UNION to work on their projects without the president of BAY AREA becoming a member and BAY AREA having to pay dues for and/or make related benefit contribution payments based on the hours worked by its president, and that the Bargaining Agreement reflected the same. In reasonable reliance thereon, BAY AREA entered into the Bargaining Agreement.

24. With the service of this third-party complaint, BAY AREA serves the UNION and PLAINTIFFS with notice of rescission of the Bargaining Agreement, and offers to restore all consideration furnished by BAY AREA under the Bargaining Agreement, on the condition that

the UNION restore to BAY AREA the consideration furnished by BAY AREA and the reimbursement of any monies paid by BAY AREA to the UNION and/or PLAINTIFFS.

WHEREFORE, BAY AREA prays for judgment against Third-Party Defendants, and each of them as follows:

A. For the Bargaining Agreement to be deemed rescinded;

B. For general damages according to proof;

C. For special damages according to proof;

D. For compensatory damages according to proof;

E. For incidental and/or consequential damages according to proof;

F. For punitive and exemplary damages in an amount appropriate to punish third-party defendants and deter others from engaging in similar misconduct;

G. For attorney's fees if allowed by law;

H. For costs of suit herein incurred;

I. For prejudgment interest on said sums as allowed by law; and

J. For such other and further relief as this Court may deem just and proper.

Dated: February 18, 2020

LAW OFFICES OF MANUEL RIVAS, JR.

MANUEL RIVAS, JR., Attorney For Defendant, BAY AREA HVAC, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1 Sansome Street, Suite 3500, San Francisco, CA 94104. On the date set forth below I served the documents described below:

1. **THIRD-PARTY COMPLAINT ON BEHALF OF BAY AREA HVAC INC.**

on the following person(s) in this action by placing a true copy

**ERIC K. IWASAKI, ESQ.**
**SALTZMAN & JOHSSON LAW CORPORATION**
**1141 Harbor Bay Parkway, Suite 100**
**Alameda, CA 94502**

[X]   (BY MAIL) I caused such envelopes(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]   (BY FACSIMILE)   I caused such document(s) to be transmitted by facsimile on this date to the offices of addressee(s).

[ ]   (BY FEDERAL EXPRESS) I caused such envelope(s) with postage thereon fully prepaid to be placed in the Federal Express office at San Francisco, California.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 18, 2020 at San Francisco, California.

Octavio Alvarez

PROOF OF SERVICE