UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>BAY AREA HVAC, INC., et al.,<br><br>         Defendants. | Case No. 19-cv-07976-VC<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT**<br><br>Re: Dkt. No. 22 |

Local 104 moves to dismiss Bay Area HVAC's third-party complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Local 104 contends that Bay Area HVAC's state-law misrepresentation claims are preempted under the doctrine announced in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), which provides that "[w]hen an activity is arguably subject to § 7 or § 8 of the [National Labor Relations Act], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger to state interference with national policy is to be averted." *Id.* at 245. No typical preemption doctrine, *Garmon* safeguards the NLRB's primary jurisdiction by displacing the subject-matter jurisdiction of federal and state courts. *Longshoremen v. Davis*, 476 U.S. 380, 391 (1986); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1401 (9th Cir. 1988). So while the misrepresentation claims meet the test for supplemental jurisdiction under 28 U.S.C. § 1367(a), *Garmon* dictates whether these claims are nonetheless earmarked for NLRB adjudication.

Section 8(b)(3) of the NLRA defines unfair labor practices to include a union's refusal "to bargain collectively with an employer, provided it is the representative of his employees

subject to the provisions of section 159(a)." 29 U.S.C. § 158(b)(3). Parties subject to this mandatory bargaining obligation must bargain in good faith, which "necessarily requires that claims made by either bargainer should be honest claims." *NLRB v. Truitt Manufacturing Co.*, 351 U.S. 149, 152 (1956). And at least in some instances, the NLRB arguably has jurisdiction over claims that an employer or union induced its counterparty to sign a collective bargaining agreement by fraud or misrepresentation. *See Textron Lycoming Reciprocating Engine Div., ACVO Corp. v. Automobile Workers*, 523 U.S. 653, 662 (1998) (Stevens, J., concurring); *Nu Image, Inc. v. Int'l Alliance of Theatrical Stage Employees*, 893 F.3d 636, 641 (9th Cir. 2018).

Here, Local 104 allegedly misrepresented the effect of signing a pre-hire contract that permits Bay Area HVAC, among other things, to hire construction workers from a hiring hall. This type of collective bargaining agreement—the product of bargaining between the employer and a union that has not obtained the majority support of the employees—is allowed only in the construction industry. 29 U.S.C. § 158(f); *see Jim McNeff, Inc. v. Todd*, 461 U.S. 260, 266 (1983). Neither party disputes that the agreement at issue satisfies the elements of a Section 8(f) pre-hire contract. *Operating Engineers Pension Trust v. Beck Engineering & Surveying Co.*, 746 F.2d 557, 562 (9th Cir. 1984).

The alleged misrepresentations by Local 104 arguably violate Section 8(b)(3). To be sure, the arguments against NLRB jurisdiction are substantial, not least because the statute addresses only collective bargaining "subject to the provisions of section 159(a)"—meaning, between the employer and a union that represents a majority of the employees. 29 U.S.C. § 158(b)(3). The Board has carved out an exception to this general rule for collective bargaining during the term of a Section 8(f) pre-hire contract, but the Board hasn't extended Section 8(b)(3) to negotiations for the initial pre-hire contract or negotiations after the contract expires. *John Deklewa & Sons*, 282 NLRB 1375, 1386–87 & n.49 (1987). Yet the arguments in favor of NLRB jurisdiction have not been "authoritatively rejected by the courts or the Board." *Davis*, 476 U.S. at 395 (internal quotation marks omitted). To the contrary, the NLRB has left open "the scope of bargaining obligations under Section 8(f)." *Bricklayers Local No. 3*, 162 NLRB 476, 479 (1966). And the

Ninth Circuit, at least on one reading, has suggested that the initial Section 8(f) pre-hire contract would be a "recognized bargaining relationship" governed by Section 8(b)(3). *Operating Engineers Pension Trust v. Wilson*, 915 F.2d 535, 540 (9th Cir. 1990). Faced with two arguable interpretations, neither of which is foreclosed by precedent, the Board gets first dibs on how best to implement the NLRA in light of its (often competing) purposes.

Local 104's motion to dismiss the third-party complaint for lack of subject-matter jurisdiction is granted. Of course, Bay Area HVAC may raise contract invalidity as a defense to the trust funds' claims, an issue for which the allegations of misrepresentations by Local 104 are presumably relevant. *Textron*, 523 U.S. at 658; *see Rozay's Transfer v. Local Freight Drivers*, 850 F.2d 1321, 1329–30 (9th Cir. 1988).

**IT IS SO ORDERED.**

Dated: May 30, 2020

_____
VINCE CHHABRIA
United States District Judge