United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BAY AREA HVAC, INC., et al.,<br><br>Defendants. | Case No. 19-cv-07976-VC (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 54 |

Now pending before the Court is a discovery dispute joint letter regarding Defendant's production of documents or, more specifically, failure to produce documents. (Dkt. No. 54.) After carefully considering the parties' submission, the Court concludes that oral argument is unnecessary, *see* N.D. Civ. L.R. 7-1(b), and GRANTS Plaintiffs' motion to compel.

**DISCUSSION**

An ongoing issue in this ERISA collection action is Defendant's insistence that it does not keep *any* records of what it pays its employees, notwithstanding its legal obligations to do so. Plaintiffs recently learned, however, that this representation is untrue and that Defendant in fact retained a bookkeeping company which created and maintains a payroll summary for Defendant. Plaintiffs ask to reopen discovery in light of this development.

The Court agrees and orders as follows:

1. Defendant shall immediately produce all information it provided to C&S Income Tax and Bookkeeping in connection with the preparation of payroll checks. If Defendant maintains it does not have any such information, then it must so state under oath. Mr. Andrade's declaration states that he gave the information to C&S by telephone, but he does not state under oath that he never gave them any other information in any other

form.
2. Plaintiffs may subpoena records from C&S Income Tax and Bookkeeping.
3. Defendant must reproduce the bank records in unredacted form. They can be produced subject to a protective order and any privacy interest is outweighed by Plaintiffs' need to confirm Defendant's representations for the reasons explained below.
4. After the documents are produced, Plaintiffs may re-take Mr. Andrade's deposition, not to exceed four hours.

Defendant's complaint that the fact discovery deadline closed in March is unpersuasive. First, Mr. Andrade was copied on an email that contained the Payroll Summary in November 2020 and therefore should have been aware of the existence of these highly relevant documents. At a minimum, as Defendant knew that C&S prepared the payroll checks, Defendant had an obligation to inquire whether C&S had any records as to those payments, an obligation which—assuming Defendant is telling the truth about being unaware of the records—it breached. Further, regardless of whether Defendant was aware of the Payroll Summary, the Summary and the information used to prepare it are squarely relevant. Plaintiffs should not be deprived of relevant discovery because Defendant did not fulfill its basic discovery obligations.

Second, Mr. Andrade's deposition testimony was misleading at best. He created the impression that he himself wrote checks for his employees and never hinted that he used a third party to do so. Plaintiffs might have discovered what Mr. Andrade was concealing had he answered the deposition question as to whether he used someone to prepare his taxes, but Defendant's counsel improperly instructed Mr. Andrade not to answer. Defendant's insistence that Plaintiffs should have moved to compel is disingenuous; to the contrary, Defendant should have disclosed at the very first discovery conference that it used a third party to prepare the payroll checks.

Defendant's objections to Exhibits B and C are overruled. If the email is not authentic then Mr. Andrade or Mr. Sala—both of whom submitted declarations in connection with this discovery dispute—could have said so in their declarations. They did not. Thus, the objection appears to be part of Defendant's ongoing efforts to obstruct relevant discovery. Rather than

2

object, Defendant should have apologized for not discovering the Payroll Summary earlier and then offered itself to reopen discovery.

Defendant must produce the documents required by this Order on or before July 2, 2021.

Plaintiffs must ask Judge Chhabria to move other case dates. The Court expects that Defendant will cooperate in stipulating to extensions given that the extensions are needed because of Defendant's failure to produce highly relevant discovery.

This Order disposes of Docket No. 54.

**IT IS SO ORDERED.**

Dated: June 28, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge