UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>BAY AREA HVAC, INC., et al.,<br><br>          Defendants. | Case No. 19-cv-07976-VC<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 62 |

      The Trust Funds moved for summary judgment in their delinquent contributions case against Bay Area HVAC, a company they claim is obligated to pay fringe benefits to the Funds because of collective bargaining agreements it signed with Local 104. Although the Trust Funds may well be correct that Bay Area HVAC's owner, Edgar Andrade, has lied under oath about material issues in this case, the issue of his credibility cannot be resolved on a summary judgment motion.

      Those who seek to challenge the validity of their collective bargaining agreements to avoid making benefit contributions to pension trust funds cannot assert many traditional contract defenses. *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 773 (9th Cir. 1986). But a fraud-in-the-execution defense is available to them. *See id.* at 774; *Operating Engineers Pension Trust v. Gilliam*, 737 F.2d 1501, 1504 (9th Cir. 1984). Andrade contends that this defense applies to abrogate his obligation to the Trust Funds because he relied on representations from union representatives that he was signing agreements to hire union labor, not collective

bargaining agreements that would require him to make benefit contributions for himself.[1] He asserts that he could not have reasonably known that he was signing collective bargaining agreements because the union representatives did not give him an opportunity to read the full contracts before signing them. Andrade's brother, who was present at the time Andrade signed the documents, partially corroborates his story. Those statements, if true, outline a clear case of fraud in the execution. *See Operating Engineers Pension Trust*, 737 F.2d at 1504–05. The matter of their truth will be addressed at trial.

**IT IS SO ORDERED.**

Dated: September 29, 2021

_____
VINCE CHHABRIA
United States District Judge

---

[1] The Trust Funds argue that the union representatives' statements must be disregarded because they are hearsay that will not be admissible at trial. But those statements are not hearsay if offered to show their effect on Andrade rather than for the truth of the matters they assert. There is also not an authentication problem under Federal Rule of Evidence 901 because Andrade does not specify the particular union representatives who made each statement. That is the proper subject of cross examination, not a reason to consider the entirety of the testimony inadmissible.